LAW OFFICES OF DENISE E. WRIGHT, SBN 91169
5055 Wilshire Boulevard
Suite 202
Los Angeles, California 90036
Telephone (323) 938-2421

Attorney for Defendants
**DAVID OQUELI AREVALO, et.al.**

## UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID OQUELI AREVALO, CLAUDIA LIZETH HENRIQUEZ, and SOFIA REBOLLEDO, Individually and d/b/a/ PLAYAS DE ACAPULCO A/K/A RESTAURANT PLAYA DE ACAPULCO <br> Defendants. | Case No: CV 14-06934WDK (PLAX) <br><br> **ANSWERS OF DEFENDANTS DAVID OQUELI AREVALO, CLAUDIA LIZETH HENRIQUEZ, SOFIA REBOLLEDO INDIVIDUALLY AND DOING BUSINESS AS PLAYAS DE ACAPULCO aka PLAYA DE ACAPULCO** |

### JURISDICTION

1. Defendants and each of them admit the allegations contained in Paragraph One.

2. Defendants and each of them admit the allegations contained in Paragraph two of the complaint.

3. Defendants and each of them, deny that the violated Plaintiff's rights as the exclusive commercial domestic distributors of the televised fight *program*. Defendants further deny they committed any of the alleged wrongful acts or committed an unfair business practice or any California Statutes.

## VENUE

4. Defendants and each of them, admit the allegations contained in Paragraph 4.

## INTRA DISTRICT ASSIGNMENT

5. Defendants and each of them admit the allegations in Paragraph Five of the complaint.

6. Defendants and each of them admit the allegations complained over Paragraph Six.

7. Defendant David Oqueli Arevalo denies he is an owner, operator, licensee, permittee or person in charge or an individual with dominion, control, oversight and management of the commercial establishment doing business as Playas de Acapulco aka Restaurant Playa de Acapulco. Defendant Arevalo admits Playas de Acapulco aka Restaurant Playa de Acapulco operates at 10828 Atlantic Boulevard, Lynwood, CA 90262

8. Defendant Claudia Lizeth Henriquez denies she is an owner, operator or licensee or permitee person in charge or any individual dominion and control oversight and management of the commercial establishment doing business as Playas de Acapulco aka Restaurant Playas de Acapulco and/or Restaurant Playa de Acapulco.

9. Defendant Sofia Rebolledo admits allegations contained in Paragraph Nine.

10. Defendant David Oqueli Arevalo admits he is on the California Alcoholic Beverage Control license issued for Playas de Acapulco aka Restaurant Playas de Acapulco

11. Defendant Claudia Lizeth Henriquez admits she is on the California Alcoholic Beverage Control license issued for Playas de Acapulco aka Restaurant Playas de Acapulco

12. Defendant Sofia Rebolledo admits she is on the California Alcoholic Beverage Control license issued for Playas de Acapulco aka Restaurant Playas de Acapulco

13. Defendant Claudia Lizeth Henriquez denies that on September 14, 2013 she had the right and ability to supervise the activities of Playas de Acapulco a/k/a Restaurant Playa

de Acapulco which included the unlawful interception of Plaintiff's Program.

14. Defendant David Oqueli Arevalo is an individual specifically identified on the liquor license for Playas de Acapulco aka Restaurant Playa De Acapulco. David Oqueli Arevalo denies that he had the obligation to supervise the activities of Playas de Acapulco aka Restaurant Playas de Acapulco. David Oqueli Arevalo further denies that there was an unlawful interception of Plaintiff's *Program*. Defendant Arevalo further denies that there was an unlawful interception of Plaintiff's *Program*. Arevalo further denies that he had other responsibilities with respect to the said restaurant.

15. Defendant Claudia Lizeth Henriquez is an individual identified in the liquor license for the subject restaurant. Claudia Lizeth Henriquez denies that she had the obligation to supervise the activities of the restaurant regarding the purported interception of Plaintiff's Program.

16. Defendant Sofia Rebolledo, is an individual identified on the liquor license for Playas de Acapulco aka Restaurant Playa de Acapulco. Sofia Rebolledo did supervised the activities of said restaurant on September 14, 2013. Defendant Rebolledo denies that the activities of the restaurant on September 14, 2013 included the unlawful interception of Plaintiff's *Program*.

17. Defendant and each of them deny that on September 14, 2013 they directed the employees Playas de Acapulco aka Restaurant Playa de Acapulco to unlawful intercept and broadcast Plaintiff's Program at said restaurant. Defendant and each of them further deny that the actions of the employees of the restaurant are imputable to Defendants Arevalo, Henriquez and Rebolledo by virtue of their acknowledge responsibilities for the actions of Playas de Acapulco aka Restaurant Playa de

Page -3-

Acapulco.

18. Defendants and each of them deny there was an unlawful broadcast of Plaintiff's *Program* supervised or authorized by Defendants Arevalo, Henriquez and Rebolledo. These defendants further deny that said unlawful broadcast of Plaintiff's *Program* in increased profits for Playas de Acapulco aka Restaurant Playa de Acapulco.

## COUNT I

### (Violation of Title 47 U.S. C. Section 605)

19. Defendants and each of them generally deny the allegations contained in Paragraph 19.

20. Defendants and each of them lack sufficient information and belief to admit or deny that Plaintiff J&J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) fights to "the One" Floyd Mayweather, Jr. v. Saul Alvarez WBC Light Middleweight Championship Fight Program, telecast nationwide on Saturday, September 14, 2013 ( this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred as to the "*Program*").

21. Defendants and each of them lack sufficient information and belief to admit and deny that pursuant to contract, Plaintiff J&J Sports Productions, Inc. entered into subsequent sublicense agreement with various commercial entities through North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishment in the hospitality industry such as hotels, racetracks, casinos, bars, taverns, restaurants, social clubs,etc.

22. Defendants and each of them lack sufficient information and belief to admit or deny that as a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J&J Sports Productions, Inc. expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

23. Defendant and each of them, deny that they will full knowledge that the program was not to be intercepted, received, published, divulged, displayed, or exhibited by commercial entities unauthorized to do so, either through direct action or through actions of employees or agent directly attributable imputable to Defendants did unlawfully intercept, receive, publish, divulge, display and/or exhibit the Program at the time of its transmission at their commercial establishment in Lynwood, California located at 10828 Atlantic Avenue, Lynwood, CA 90262.

24. Defendants and each of them deny that an unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done wilfully and for the purpose of direct or indirect commercial advantage and/or private financial gain.

25. Defendants and each of them are without sufficient information and belief to admit or deny that transmissions of the Program, the distribution rights which were held by Plaintiff J&J Sports. Defendants generally admit Title 47 U.S. C. Section 605 Et Seq prohibits unauthorized publication or use of communication.

26. Defendants and each of them deny that they violated Title 47 U.S. C. Section 605 et seq

27. Defendants and each deny a violation of Title 47 U.S. C. Section 605 Et Seq therefore, they deny the right of private action to J& J Productions, Inc.

28. Defendants and each of them deny violation of Title 47 U.S. C. Section 605. Defendant and each of them further deny that Plaintiff is entitled to statutory damages for an amount up to $10,000.00 or statutory damages pursuant to Title 47 U.S. C. Section 605 (e) (3) (C) (II) and the full recovery of costs including attorney fees pursuant to Title 47 U.S. C. Section 605 (e)(3) (B)(III)

### COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

29. Defendants and each of them lacks sufficient information and belief to admit or deny Paragraph 29.

30. Defendants and each of them deny that was an unauthorized interception, reception, publication, divulgence, display, or exhibition of the *Program*.

31. Defendants and each of them deny that they violated Title 47 U.S. C. Section 553 Et Seq.

32. Defendants and each of them deny a violation of Title 47 U.S. C. Section 553 Et Seq. Thereby denying J& J Sports Productions, Inc. a right of private action pursuant to Title 47 U.S. C. Section 553.

33. Defendants and each of them deny there is a violation of Title 47 U.S. C. Section 553 by defendants and deny that Plaintiff J&J Sports Productions, Inc. is entitled to any damages from these defendants.

## COUNT III

### (Conversion)

34. Defendants' lack of sufficient information and belief to admit or deny the allegations contained in Paragraph 34.

35. Defendants and each of them deny that they tortuously obtained possession of the Program and wrongfully converted same for their own use and benefit.

36. Defendants and each of them deny that their actions were wilful malicious, egregious, and intentionally designed to harm Plaintiff J&J Sports Productions, Inc. by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them , and in doing so, and that they subjected the Plaintiff to severe economic distress and great financial loss.

37. Defendant and each of them deny that Plaintiff J&J Sports Productions, Inc. is entitled to either compensatory or punitive and exemplary damages from these Defendants. Defendants further deny that they was any deliberate injury by them against the Plaintiff.

## COUNT IV

**(Violation of California Business and Profession Code Section 7200,et seq.)**

38. Defendant and each of them lacks sufficient information and belief to admit or deny the allegations contained in paragraph 38.

39. Defendants and each of them lack sufficient information and belief as to admit or deny whether Plaintiff J&J Sports Productions, Inc. was granted exclusive domestic commercial exhibition closed circuit right to the *Program*.

40. Defendants and each of them lack sufficient information and belief as to admit or deny whether who Plaintiff authorized transmission, interception, reception, divulgence, exhibition or display of the Program. They further lack sufficient information and belief as to the Plaintiff's activities as to admit or deny that the Program was to be shown to the general public, persons at large, or to the commercial establishments.

41. Defendants and each of them deny that with full knowledge that the Program was not to be intercepted, received, published, divulged, displayed or exhibited by commercial entities unauthorized to do so. These defendants did not through direct action or through actions of employees or agents directly imputable to defendants by virtue of their respected positions and in authority they did not unlawfully intercept, receive, publish, divulge, display and/or exhibit the Program at the real time transmission of the Program broadcast at their commercial establishment.

42. Defendants and each of them deny that they or their agents, servants, workmen or employees performed the aforementioned acts knowingly, wilfully and to confer direct or indirect commercial advantage and/or pirate financial gain to the Defendants to the detriment and injury of the Plaintiff and its business enterprise as a commercial distributor and closed-circuit licensor of sports and entertainment television programming.

43. Defendants and each of them deny an unauthorized interception, publication, divulgence and/or exhibition done by them wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff.

44. Defendants and each of them deny any of their acts were unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices, and by reason of the aforementioned

conduct, Defendants deny that any of them violated California Business and Professions Code Section 17200 et seq.

45. Defendants and each of them deny that as a proximate cause any of their actions, Plaintiff has permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry. Defendants and each of them further deny that Plaintiff has suffered severe financial injury and loss in any sum.

46. Defendant and each of them deny that by reason of the Defendants' conduct there was a violation of Business and Professions Code Section 17200. Defendants and each of them further deny that Plaintiff J&J Sports Productions, Inc. is entitled to restitution for its injuries at the disgorgement and turn-over of Defendants' ill-gotten gains, as well as injunctive and declaratory relief, from any of the defendants.

47. Defendants and each of them deny that Plaintiff is entitled to its attorney fees from Defendants for enforcing California Business and Professions Code Section 17200. Defendants and each of them deny that Plaintiff meets the standards of private attorney general as specifically and statutorily defined under California Code of Civil Procedures Section 1021.5.

WHEREFORE, Defendants and each of them prays for Judgment as to all COUNTS in favor of DAVID OQUELI AREVALO, CLAUDIA LIZETH HENRIQUEZ and SOFIA REBOLLEDO, INDIVUALLY AND D/B/A PLAYAS DE ACAPULCO A/K/A RESTAURANT PLAYA DE ACAPULCO cost of suit and reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute and for such other

and further relieve as this Honorable Court may deemed just and proper

Respectfully submitted,

Dated: Nov 12, 2014    LAW OFFICES OF DENISE E. WRIGHT

_____
DENISE ELIZABETH WRIGHT
ATTORNEY FOR DEFENDANTS
DAVID OQUELI AREVALO, et.al.

# PROOF OF SERVICE
CCP §1013A(3) Revised 5-1-88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 5055 Wilshire Boulevard, Suite 202, Los Angeles, California 90036.

On November 12, 2014 the foregoing document described as **ANSWERS OF DEFENDANTS DAVID OQUELI AREVALO, CLAUDIA LIZETH HENRIQUEZ, SOFIA REBOLLEDO INDIVIDUALLY AND DOING BUSINESS AS PLAYAS DE ACAPULCO aka PLAYA DE ACAPULCO** on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Law Offices of Thomas P. Riley, P.C.
1114 Fremont Avenue
South Pasadena, CA 91030

[x] BY MAIL* - I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with he U.S postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing by affidavit.

[ ] BY PERSONAL SERVICE** - I caused such envelope(s) to be hand-delivered to the office of the addressee.

[ ] (State)    I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

[ ] BY FACSIMILE I have transmitted the above described document to

Executed on November 12, 2014 at Los Angeles, California.

MARITZA ARTIGA
Type or Print Name                              Signature

* By mail, signature must be of person depositing envelope in mail slot, box or bag.
**By personal service, signature must be that of messenger.