1  LAW OFFICES OF DENISE E. WRIGHT
   SBN 91169
2  5055 Wilshire Boulevard
   Suite 202
3  Los Angeles, California 90036
   Telephone (323) 938-2421
4

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **J & J Sports Productions, Inc.,**<br><br>Plaintiff,<br><br>vs.<br><br>**David Oqueli Arevalo, et al.,**<br><br>Defendants. | **Case No. 2:14-cv-06934-WDK-PLA**<br><br>**DEFENDANTS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br>DATE: 10/19/2015<br>TIME: 10:00 a.m.<br>PLACE: TBD<br><br>FOR: HONORABLE WILLIAM D. KELLER |

### MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

Defendant Sofia Rebolledo owns and operates a Pupuseria known as Playas De Acapulco at 10828 Atlantic Boulevard, Lynwood, CA 92062, Defendant Rebolledo is the mother of Defendant David Oqueli Arevalo and the mother in law of Defendant Claudia Henriquez.

Defendant's Henriquez and Arevalo do not now nor have they ever owned, operated, worked at Playas De Acapulco.   (Declarations of Rebolledo, Arevalo and Henriquez). And Answers of Defendants Henriquez and Arevalo (DKT No. 12, 13,).

Plaintiff has failed to offer any direct or indirect evidence of Henriquez's or Arevalo's involvement in the Subject Pupuseria.

Plaintiff has failed to file a Request for Judicial Notice regarding their involvement.  Plaintiff merely alleges Henriquez and Arevalo owned, the Pupuseria.

Defendant Rebolledo admits she owns the Pupuseria.  Defendant Rebolledo admits she showed the Mayweather boxing match without a commercial license(Declaration of Rebolledo).

## II.    PLAINTIFF SEEKS EXCESSIVE DAMAGES

Plaintiff seeks "enhanced" statutory damages pursuant to 47USC§605(e)(3)©ii and 47USC§605(e)(c)(ii).

Defendant argues the Defendant's actions were willful and for the purposes of direct or indirect commercial advantage or private financial gain.

Plaintiff nowhere in his moving papers proves or even attempts to prove any of the elements of 47USC §605(e)(3)(e)(ii).

Specifically there has been no showing of any gain by any Defendant, just vague general argument.

## III. REBOLLEDO REQUESTS THIS COURT ORDER MINIMAL DAMAGES

Defendant Rebolledo is the only Defendant who owns and operates the Pupuseria.  Ms. Rebolledo lives at the Pupuseria does not speak English, has a limited education and is already deterred from future statutory violations(Declaration of Sofia Rebolledo).

Ms. Rebolledo requests an order that damages be set at the licensing fee of $2,200.00.

It is the Plaintiff who is acting here for financial gain. Plaintif's send their investigator to Defendant's Pupuseria to entrap Defendant Rebolledo showing the fight they must have known in advance. Defendant Rebolledo only had a residential license. Why didn't Plaintiff call Defendant at her restaurant and tell her not to show the fight?

Plaintiff entrapped a hard working unsophisticated Spanish speaking woman. Plaintiff are now using this legal action not to deter Defendants but as a separate profit center.

In Defendant's situation, Plaintiff's damages request is confiscatory.

## CONCLUSION

Plaintiff's over the top brutal Request to punish Defendant Rebolledo should be tempered by her lack of sophistication and the fact she has been deterred by this case.

Defendant's Henriquez and Arevalo have no ascertainable connection to the Pupuseria they should be dismissed.

Respectfully submitted,

Date: September 28, 2015                    LAW OFFICES OF DENISE E. WRIGHT

DENISE ELIZABETH WRIGHT
ATTORNEY FOR DEFENDANTS, SOFIA
REBOLLEDO, DAVID OQUELI AREVALO.
CLAUDIA LIZETH HENRIQUEZ

## PROOF OF SERVICE

CCP §1013A(3) Revised 5-1-88

1

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       I am employed in the county of Los Angeles, State of California.
    I am over the age of 18 and not a party to the within action; my
4   business address is 5055 Wilshire Boulevard, Suite 202, Los Angeles,
    California  90036.

5

    On September 29, 2015 the foregoing document described as
6   **DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** on all
    interested parties in this action by placing true copies thereof
7   enclosed in sealed envelopes addressed as follows:

8   Law Offices of Thomas P. Riley, P.C.
    1114 Fremont Avenue
9   South Pasadena, CA   91030

10

    [x]  BY MAIL* - I deposited such envelope(s) in the mail at Los
11       Angeles, California.  The envelope was mailed with postage
         thereon fully prepaid.  I am "readily familiar" with the firm's
12       practice of collection and processing correspondence for
         mailing.  Under that practice, it would be deposited with he U.S
13       postal service on the same day with postage thereon fully
         prepaid at Los Angeles, California in the ordinary course of
14       business.  I am aware that on motion of the party served,
         service is presumed invalid if postal cancellation date or
15       postage meter date is more than one day after date of deposit
         for mailing by affidavit.

16

    [ ]  BY PERSONAL SERVICE** - I caused such envelope(s) to be hand-
17       delivered to the office of the addressee.

18  [ ]  (State)    I declare under the penalty of perjury under the laws
                    of the State of California that the foregoing is true
19                  and correct.

20  [X]   (Federal) I declare that I am employed in the office of a
                    member of the bar of this court at whose direction
21                  this service was made.
    [X] BY FACSIMILE I have transmitted the above described document to
22  (626)799-9795
        Executed on September 29, 2015 at Los Angeles, California.

23

24   MARITZA ARTIGA-CANALES
         Type or Print Name                         Signature

25

    * By mail, signature must be of person depositing envelope in mail slot, box or bag.
26  **By personal service, signature must be that of messenger.

27

28